**United States District Court**

For the Northern District of California

1
2
3               UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5                     EUREKA DIVISION
6
7  GEORGE LEE,
                                        No. 13-CV-4770 NJV (PR)
8                 Plaintiff,
                                        **ORDER OF DISMISSAL WITH**
9        v.                             **LEAVE TO AMEND**
10 R. GROUNDS, et. al.,
11                Defendants.
                                    /
12

13        Plaintiff, a state prisoner at Salinas Valley State Prison, has filed a pro se civil rights

14 complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma

15 pauperis. (Doc. 6.)

16                          **DISCUSSION**

17 **A.    Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners

19 seek redress from a governmental entity or officer or employee of a governmental entity.

20 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22 be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27 the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28 grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1   omitted).  Although in order to state a claim a complaint "does not need detailed factual

2   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements of a

4   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9   framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

12  679 (2009).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.   Legal Claims**

18      Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and that he

19  has been provided inadequate medical care.

20      Deliberate indifference to serious medical needs violates the Eighth Amendment's

21  proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104

22  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

23  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

24  A determination of "deliberate indifference" involves an examination of two elements: the

25  seriousness of the prisoner's medical need and the nature of the defendant's response to

26  that need. *Id.* at 1059.

27      A "serious" medical need exists if the failure to treat a prisoner's condition could

28

2

result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The

existence of an injury that a reasonable doctor or patient would find important and worthy of

comment or treatment; the presence of a medical condition that significantly affects an

individual's daily activities; or the existence of chronic and substantial pain are examples of

indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable steps

to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

"be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have

been aware of the risk, but was not, then the official has not violated the Eighth

Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175,

1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v.

Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Title II of the ADA "prohibit[s] discrimination on the basis of disability.*"  Lovell v.

Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual

with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subject to

discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates

within state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998).

In order to state a claim that a public program or service violated Title II of the ADA,

a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

excluded from participation in or denied the benefits of a public entity's services, programs,

or activities, or was otherwise discriminated against by the public entity; and (3) such

exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v.

City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

3

United States District Court

For the Northern District of California

1  Plaintiff states that Defendant Dr. Bright, the chief medical officer at the prison,

2  improperly cancelled Plaintiff's knee replacement surgery and denied pain medication and

3  medical appliances which caused further pain and suffering.  The claims against Dr. Bright

4  are sufficient to proceed.

5  Plaintiff's brief ADA claims appear to involve desiring a separate area only for

6  inmates with disabilities and a concrete walkway instead of the dirt walkways in the yard.

7  That Plaintiff wants a separate outdoor area fails to state a claim under the ADA nor has

8  Plaintiff explained how he is unable to use the outdoor walkways or why he cannot use

9  indoor areas for exercise.  As currently set forth his brief allegations fail to state a claim.

10  This claim will be dismissed with leave to amend.[1]

11  The remainder of Plaintiff's claims involve allegations against Defendants at High

12  Desert State Prison, that is located in the Eastern District of California, regarding

13  tuberculosis medication and denial of medical appliances.  The claims involving

14  tuberculosis medication need to be brought in the Eastern District of California and the

15  medical appliance claims have already been brought in this court and transferred to the

16  Eastern District.  *See Lee v. Swingle*, No. C 12-3069 CRB (PR).

17  **CONCLUSION**

18  1. Defendants Miranda and Bradley and the claims against them are **DISMISSED**

19  from this action.  Plaintiff is granted leave to amend regarding his ADA claim.  The

20  amended complaint must be filed within **twenty-eight (28) days** of the date this order is

21  filed and must include the caption and civil case number used in this order and the words

22  AMENDED COMPLAINT on the first page.  Because an amended complaint completely

23  replaces the original complaint, plaintiff must include in it all the claims he wishes to

24  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

25

26  [1] It is not enough that Defendants did not make Plaintiff's life in prison easier in every
respect in light of his disability.  *See Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th
27  Cir. 1999).  Rather, Plaintiff must show that Defendants discriminated against him in terms of
making prison programs and activities available to him when compared to non-disabled
28  inmates.  *See Brown v. City of Los Angeles*, 521 F.3d 1238, 1241-42 (9th Cir. 2008).

4

United States District Court

For the Northern District of California

1    incorporate material from the original complaint by reference.  Failure to amend within the

2    designated time will result in the dismissal of all Defendants except Dr. Bright and the

3    Eighth Amendment claim and the case will continue on the original complaint against Dr.

4    Bright.

5           2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6    court informed of any change of address by filing a separate paper with the clerk headed

7    "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

8    Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

9    Federal Rule of Civil Procedure 41(b).

10          **IT IS SO ORDERED.**

11

12   Dated: November 19, 2013.

13                                                              NANDOR J. VADAS
                                                                United States Magistrate Judge
14

15   G:\PRO-SE\NJV\CR.13\Lee4770.dwlta.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GEORGE LEE,                                          No.  1:13-CV-4770 NJV (pr)

             Plaintiff,

     v.                                              CERTIFICATE OF SERVICE

R. GROUNDS, et al.,

             Defendants.
_____/

     I, the undersigned, hereby certify that on November 19, 2013, I SERVED a true and correct

copy of  the attached by placing said copy in a postage paid envelope addressed to the person(s)

listed below, by depositing said envelope in the U.S. Mail.

George Lee
E-15396
Salinas Valley State Prison
B5-117
P.O. Box 1050
Soledad, CA 93960

                                                 /s/  Linn Van Meter
                                     _____
                                                 Linn Van Meter
                                              Administrative Law Clerk to
                                              the Honorable Nandor J. Vadas

6