UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GEORGE LEE,

        Plaintiff,

  v.

R. GROUNDS, et. al.,

        Defendants.

No. C 13-4770 NJV (PR)

**ORDER OF SERVICE**

Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's original complaint stated a cognizable Eighth Amendment claim but was dismissed with leave to amend regarding his ADA claim. Plaintiff has filed an amended complaint which contains no allegations regarding the ADA claim. Therefore this claim is dismissed. Plaintiff again states that Defendant Dr. Bright, the chief physician at the prison, improperly cancelled plaintiff's knee replacement surgery and denied pain medication and medical appliances which caused further pain and suffering. The claims against Dr. Darrin Bright are sufficient to proceed for the reasons discussed in the prior order.

**CONCLUSION**

1. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the amended complaint (Docket No. 9) with attachments and copies of this order on Defendant Dr. Darrin Bright at Salinas Valley State Prison.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than sixty days from the date of service, Defendant shall file a

motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendant files an unenumerated motion to dismiss claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d. If Defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by Plaintiff with the Court must be served on Defendant, or

1  Defendant's counsel once counsel has been designated, by mailing a true copy of the
2  document to Defendant or Defendant's counsel.
3     4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
5  parties may conduct discovery.
6     5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
7  informed of any change of address by filing a separate paper with the clerk headed "Notice
8  of Change of Address."  He also must comply with the Court's orders in a timely fashion.
9  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
10  Federal Rule of Civil Procedure 41(b).
11  **IT IS SO ORDERED.**
12  Dated: January   22  , 2014.
13  NANDOR J. VADAS
United States Magistrate Judge

United States District Court
For the Northern District of California

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If Defendant files an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GEORGE LEE, | No. 1:13-CV-4770 NJV |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| R. GROUNDS, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on January 22, 2014, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

George Lee
E-15396
Salinas Valley State Prison
B5-117
P.O. Box 1050
Soledad, CA 93960

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

5